UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REMO HARRISON DANIELS,

     Plaintiff,

v.             Case No. 17-cv-681-pp

KYLE KELLER,

     Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO CLARIFY (DKT. NO. 136)**

  Plaintiff Remo Harrison Daniels is a Wisconsin state inmate and is representing himself in this civil rights lawsuit. On April 13, 2020, the court granted summary judgment in favor of all but one of the defendants. Dkt. No. 134. The defendants conceded there were disputes of material fact with respect to defendant Kyle Keller, dkt. no. 132 at 1, 2, and the court denied the plaintiff's motion to grant summary judgment against Keller, dkt. no. 134 at 15. Keller is the only remaining defendant.

  After receiving the court's order, the plaintiff filed a letter, dkt. no. 135, then a motion to clarify, dkt. no. 136, asking the court to explain why it seemed (to him) that the court had granted summary judgment both for and against defendant Dr. Kristina deBlanc. The court scheduled a telephonic status conference to address that motion, and to talk about next steps in the case. Dkt. No. 137. The plaintiff then filed a motion to stay the status conference until the court clarified its order. Dkt. No. 138. The court denied

1

that motion, indicating that it planned to address the motion to clarify at the hearing (scheduled for May 26, 2020). Dkt. No. 139.

The court conducted that hearing at 1:30 p.m. on May 26, 2020. However, despite several attempts by the court's staff, the court was not able to successfully reach the plaintiff at Green Bay Correctional Institution, where he is currently an inmate. The court obtained—and followed—the directions provided by the prison for contacting the plaintiff for the hearing, but no call placed by the court's deputy was successful. The court spoke briefly with counsel for the defendant and explained that given the circumstances, it intended to address the plaintiff's motion for clarification through a written order.

In his motion, the plaintiff asked the court to "explain whether Daniels or [deBlanc] is entitled to summary judgment" because he believed the court granted summary judgment in favor of both of them with respect to deBlanc's liability. Dkt. No. 136 at 2. He quoted a portion of the court's decision which he believed indicates that the court found that he was entitled to summary judgment against DeBlanc. The portion of the court's order that the plaintiff quoted, however, was itself a quote—the court was quoting what the plaintiff said in his own brief. See id. at 16 (citing Dkt. No. 92 at 6–7). Before inserting the block quote from the plaintiff's brief, the court wrote: "In his brief in support of his motion for summary judgment, the plaintiff stated:" Dkt. No. 134 at 16.

2

After quoting his arguments, the court explained that the plaintiff's summary judgment brief differed from his complaint with respect to the date he alleged deBlanc was deliberately indifferent. Id. It then went on to say that the defendants did not address deBlanc in their response to the plaintiff's motion for summary judgment or in their brief in support of their own summary judgment motion. Id. at 16–17. Despite this fact, the court found that deBlanc was entitled to summary judgment because the plaintiff's allegations against her were based solely on his assumptions and because he did not describe any harm he suffered as the result of the actions he assumed she took. Id. at 17. The court did *not* rule that the plaintiff was entitled to summary judgment against deBlanc; the court ruled that *deBlanc is entitled to summary judgment in her favor.* Dkt. No. 134 at 16–17. That was and remains the court's finding.

The court will schedule another telephone status conference to discuss the next steps in the case. The court will mail the plaintiff notice of the date and time of that hearing once it is set.

The court **GRANTS** the plaintiff's motion to clarify. Dkt. No. 136.

Dated in Milwaukee, Wisconsin, this 1st day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**